# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Edmond E. Chang | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 4693 | **DATE** | February 9, 2012 |
| **CASE TITLE** | Peter J. McCloud (R-31479) vs. Al Angus, et al. | | |

**DOCKET ENTRY TEXT**

As explained in the Statement below, Plaintiff's motion for reconsideration [7] of order denying his motion for leave to proceed *in forma pauperis* is denied. To proceed with this case, Plaintiff must, within 30 days of the date of this Order, pay the $350 filing fee. Failure to comply will result in dismissal of the case for failure to pay the filing fee. With respect to the amended complaint, the Court notes that it contains mis-joined claims and parties that may be severed and filed as a separate suit, if Plaintiff satisfies the filing fee required in this case.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

Peter McCloud, an inmate at the Lawrence Correctional Center, has submitted an amended complaint and a motion for reconsideration of the Court's denial of his prior *in forma pauperis* application. At the time Plaintiff filed this suit, his prior *in forma pauperis* application showed that his prison trust fund account balance was $892.77, whereas the filing fee is $350. In his reconsideration motion, Plaintiff states that he no longer has that balance, and a current copy of his trust fund account shows that his balance at the time of the December 14, 2011 was $261.80. The Court does regret the length of time that *in forma pauperis* application was pending, but the governing statute requires that the indigency determination be made at the time of "the filing of the complaint." Specifically, the Prison Litigation Reform Act requires the inmate to submit a copy of his trust fund account "for the 6-month period immediately preceding *the filing of the complaint* . . . ." 28 U.S.C. § 1915(a)(2) (emphasis added). It makes sense to take a snapshot in time to assess indigency – otherwise it could be a moving target – and the statute requires information as of the filing of the complaint. Sometimes using the filing-time as the assessment point will be to an inmate's advantage, and sometimes not, but at least it is a fixed point for every case. Partial payments are also keyed to the 6-month period before "the filing of the complaint." *See* § 1915(b)(1)(B) (requiring 20% of the greater of (A) the average monthly deposits into the account, § 1915(b)(1)(A), or (B) the average monthly balance of the account for the 6-month period before the filing of the complaint). At the time McCloud filed the complaint, his account statement showed the $892.77 balance, enough to cover the $350 filing fee. His later spending of the balance should not redound to his benefit. *Cf. Longbehn v. United States*, 169 F.3d 1082, 1083 (7th Cir. 1999); *see also Lumbert v. Illinois Department of Corrections*, 827 F.2d 257, 259-60 (7th Cir. 1987). Plaintiff has 30 days from the date of this order to pay the $350 filing fee, and a failure to do so will result in dismissal of this case. *See* N.D. Local Rule 3.3(e).

With respect to the amended complaint, the Court notes that Plaintiff asserts unrelated claims against different defendants. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (although a plaintiff may bring unrelated claims against the same defendant, "[u]nrelated claims against different defendants belong in

11C4693 Peter J. McCloud (R-31479) vs. Al Angus, et al.

Page 1 of 2

different suits"). The amended complaint alleges claims that jail officers beat him on several occasions, that the officers then wrongfully disciplined him for the incidents, and that he obtained inadequate medical attention after one of these incidents. Those claims do appear related. In contrast, his claims about the conditions of his cell in segregation (which he appears to assert against different defendants, namely, DuPage County Sheriff Zaruba and Chief Angus (presumably Wheaton's Chief of Police Alan Angus)), do not appear related to his other claims.

Thus, if McCloud timely pays the $350 filing fee, then the Court will likely sever the mis-joined claim and instruct the Clerk to open a new case number with the second, unrelated claim. *See* Fed. R. Civ. P. 21; *see also Lee v. Cook County, Ill.*, 635 F.3d 969, 971 (7th Cir. 2011); *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011). Opening a new case number for the separate suit for the mis-joined parties and claim will require Plaintiff to pay another filing fee. *See Owens*, 635 F.3d at 952 (one of the purposes of not allowing multi-claim, multi-party suits by inmates is "to ensure that prisoners pay all fees required under the [PLRA]"). In any event, such a severance will occur only if Plaintiff pays the filing fee for the current case.